IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FRANK RODRIGUEZ,

        Plaintiff,

                              CIVIL ACTION
  vs.                        No. 10-3179-SAC

USP LEAVENWORTH STAFF, et al.,

        Defendants.


MEMORANDUM AND ORDER

This matter is before the court on plaintiff's motion for voluntary dismissal (Doc. 11). On September 14, 2011, the court directed plaintiff to submit an initial partial filing fee on or before October 14, 2011. Plaintiff was advised that he could submit a motion for voluntary dismissal within the same period and that the failure to file a timely response might result in the dismissal of this matter without additional prior notice. On October 27, 2011, the court dismissed this matter for lack of prosecution (Doc. 9).

The court notes that plaintiff's undated motion for voluntary dismissal is postmarked October 19, 2011, and it was receipt-stamped by the clerk's office on November 3, 2011. The envelope also bears a receipt-stamp dated October 17, 2011,

although the source of that stamp is unclear. The court need not resolve the timing of that motion, because the relief the plaintiff seeks, the dismissal of this action, has already occurred. Therefore, the court will deny the motion to dismiss as moot. *See Chihuahuan Grasslands Alliance v. Kempthorne*, 545 F.3d 884, 891 (10th Cir. 2008)(A matter is moot "when it is impossible to grant any effectual relief.")

Finally, because the plaintiff's motion suggests some confusion about the operation of the in forma pauperis statute, the court will discuss its provisions applicable to prisoner litigants.

In the Prison Litigation Reform Act of 1995, Congress passed a series of provisions addressed to lawsuits filed by prisoners, including PLRA § 804, the addition of 28 U.S.C. §1915(b), requiring a prisoner proceeding in forma pauperis to pay the full filing fee in installments based on a percentage of assets in the prisoner's trust account. 28 U.S.C. § 1915 (b)(1). Under that provision, the court determines the initial partial filing fee by examining the prisoner's institutional account balances and deposits for the six months preceding the filing of the action. The initial fee is 20% of the greater of the average monthly deposits or balances for that six month period. *Id*.

2

Following the initial payment, the installment payments are based upon the preceding month's income.  The prisoner is required to make a monthly payment of 20% of the preceding month's income, and that payment is to be forwarded to the clerk of the court each time the amount in the prisoner's account exceeds $10.00.  28 U.S.C. § 1915(b)(2).  For example, if plaintiff has $15.00 in income during a month, the payment due the following month is $3.00.  However, if the prisoner's income in the next month is $50.00, the next payment is $10.00.  Such payments continue until the full filing fee is paid.  *Id*.

If plaintiff wishes to file a motion to reopen this matter due to his misunderstanding of the in forma pauperis statute, such a motion should be filed within 30 days.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion for voluntary dismissal (Doc. 11) is denied as moot.

A copy of this order shall be transmitted to the plaintiff.

**IT IS SO ORDERED**.

Dated at Topeka, Kansas, this 8th day of November, 2011.

                S/ Sam A. Crow
                SAM A. CROW
                United States Senior District Judge